**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADIS ALIC and ALMA ALIC, | |
| Plaintiff, | CIVIL ACTION |
| v. | COMPLAINT  1:17-cv-00543 |
| NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiffs, ADIS ALIC and ALMA ALIC, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

### NATURE OF THE ACTION

1.  This is an action brought by consumers seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.*

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3.  Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4.  Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

1

## PARTIES

5.     ADIS ALIC and ALMA ALIC ("Adis" individually, "Alma" individually,  "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided at the property commonly known as 7941 Karlov Avenue, Skokie, Illinois 60076.

6.     NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Defendant") is a foreign corporation formed under the laws of the State of Delaware. Defendant has a principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462.

## FACTUAL ALLEGATIONS

7.     On December 5, 2006, Plaintiffs executed a mortgage in favor of ABN AMRO Mortgage Group, Inc. to secure a promissory note in the amount of $501,600.00.

8.     The note was payable in monthly installments of $2,351.25 with a maturity date of January 1, 2037.

9.     On April 23, 2007, Bank of America Corporation announced an agreement to acquire ABN AMRO North America Holding Company, parent of LaSalle Bank Corporation.

10.     On September 20, 2010, ABN AMRO Mortgage Group, Inc. assigned and transferred all its right, title and interest to Lasalle Bank Midwest National Association.

11.     On November 8, 2011, Bank of America, N.A., filed its Complaint to Foreclose Mortgage to foreclose on the property located at 7941 Karlov Avenue, Skokie, Illinois 60076.[1]

---

[1] Case No. 11 CH 38740 (*Bank of America, N.A. v. Adis Alic, Alma Alic, et al.*)

12.     On June 27, 2012, a bankruptcy case concerning Plaintiffs was filed under Chapter 7 of the United States Bankruptcy Code.[2]

13.     The schedules filed by Plaintiffs listed Saxon Mortgage Services, Inc.[3] on Schedule D - Creditors Holding Secured Claims.

14.     On October 23, 2012, Plaintiffs were granted a discharge under section 727 of the United States Bankruptcy Code.

15.     On March 17, 2015, Sulaiman Law Group, Ltd. filed its Appearance and Answer to Bank of America, N.A.'s Complaint to Foreclose Mortgage on behalf of Plaintiffs.

16.     On December 19, 2016, Defendant sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Total Amount Due" was $325,784.66; the "Next Due Date" was January 1, 2017; and

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 12/19/2016, you are 2,789 days delinquent on your mortgage loan.

**Recent Account History**
- Payment due 07/01/16 unpaid balance of $280,639.20
- Payment due 08/01/16 unpaid balance of $7,544.89
- Payment due 09/01/16 unpaid balance of $7,544.89
- Payment due 10/01/16 unpaid balance of $7,544.89
- Payment due 11/01/16 unpaid balance of $7,544.89
- Payment due 12/01/16 unpaid balance of $7,544.89
- **Total: $325,784.66 due. You must pay this amount to bring your loan current.**

*See* Exhibit A, a true and correct copy of the December 19, 2016 Mortgage Statement.

---

[2] Case No. 12-25828 (*In re Adis Alic and Alma Alic f/k/a Alma Besic*)

[3] Subsequently, the servicing of Plaintiff's mortgage loan was transferred from Saxon Mortgage Services, Inc. to Ocwen Loan Servicing, LLC to Defendant.

**DAMAGES**

17.  Defendant's acts and omissions are the proximate causation of Plaintiffs' aggravation, frustration, inconvenience, and opportunity cost.

**COUNT I – VIOLATION(S) OF THE FAIR DEBT
COLLECTION PRACTICES ACT - 15 U.S.C. § 1692C(A)(2)**

18.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19.  Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

20.  The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.  Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

22.  Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

23.  Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs in connection with the collection of the mortgage loan, when Defendant knew Plaintiffs were represented by Sulaiman Law Group, Ltd., and had knowledge of Plaintiffs' attorney's name and address.

24.  Plaintiffs may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)  any actual damage sustained by such person as a result of such failure;

(2)

(A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

4

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.     find that Defendant violated 15 U.S.C. § 1692c(a)(2);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692e(2)

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26.     Section 524(a)(2) of the United States Bankruptcy Code provides:

(a)     A discharge in a case under this title –

(2)     operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

27.     Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' mortgage loan - the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

28.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

5

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with

respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a.     find that Defendant violated 15 U.S.C. § 1692e(2);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiffs' mortgage loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

31.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

      (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a.    find that Defendant violated 15 U.S.C. § 1692e(10);

b.    award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.    grant any other relief deemed appropriate and equitable.

### COUNT IV – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692f(1)

32.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the mortgage loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

34.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

7

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     find that Defendant violated 15 U.S.C. § 1692f(1);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

### COUNT V – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 ET SEQ.

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     Plaintiffs are "persons" as defined by 815 ILCS § 505/1(c).

37.     Plaintiffs are "consumers" as defined by 815 ILCS § 505/1(e).

38.     Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

39.     It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Defendant to attempt to collect the loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

40.     Defendant's unfair acts and omissions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers,

where mundane but unusual issues go unheeded – with the consumer suffering the consequences.

41. Any person who suffers actual damage as a result of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

42. Plaintiffs are entitled to receive punitive damages as Defendant's unfair acts and omissions were outrageous, wanton and willful, and demonstrate a pattern and practice of conscious disregard and indifference for the rights of Plaintiffs, and consumers generally.

43. Defendant's unfair acts and omissions showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally as:

  a.  Consumers reasonably anticipate that mortgage servicers will communicate accurately and truthfully regarding their loans; and

  b.  Consumers reasonably anticipate that mortgage servicers will not use false, deceptive or misleading representations or means regarding their loans.

***THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK***

WHEREFORE, Plaintiff requests the following relief:

a.   find that Defendant's unfair acts and omissions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

b.   award actual, and punitive damages, and costs of this action including expenses together with attorney's fees as determined by this Court; and

c.   grant any other relief deemed appropriate and equitable.

**Plaintiffs demand trial by jury.**

January 24, 2017                                    Respectfully submitted,

_/s/ Joseph Scott Davidson_

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

_Counsel for Adis Alic and Alma Adic_

10